IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE GUADALUPE LERMA CASTILLANOS, TDCJ-CID NO. 598177,      Petitioner, | § § § § § | |
| v. | § § | C.A. NO. C-05-442 |
| DOUGLAS DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division,      Respondent. | § § § § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID") and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding pro se, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. §§ 2241, 2254 on August 23, 2005. (D.E. 1). Petitioner challenges his continued confinement by the TDCJ-CID, claiming he has been ordered deported, and should be deported. (D.E. 1). Respondent filed a motion for summary judgment on January 23, 2006. (D.E. 12). Petitioner failed to file a response to respondent's motion.

## I. JURISDICTION

Petitioner was convicted in Cameron County, Texas. (D.E. 12, at Ex. A, at 1). At the time he filed his petition, he was incarcerated at the McConnell Unit in Beeville, Texas. The Court has jurisdiction over his petition. See 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959 (5th Cir. 2000).

## II. BACKGROUND

Petitioner was convicted in 1991 and is currently is serving a twenty year sentence for aggravated sexual assault, a first-degree felony offense. (D.E. 12, at Ex. A, at 1). He does not complain about his underlying conviction, but rather challenges his continued confinement by TDCJ-CID as unconstitutional because he was ordered removed from the United States in immigration proceedings. (D.E. 1, at 1).

On August 3, 1999, an immigration judge ordered that petitioner be removed from the United States to Mexico. Id. at Ex. 1-A. In his written order, the immigration judge noted that petitioner had waived his right to appeal. Id.

## III. CLAIMS

Though it is difficult to determine the exact nature of petitioner's claims, petitioner appears to be complaining about both the immigration authorities and the actions of TDCJ-CID. He claims that the immigration authorities have violated his due process rights by failing to enforce their order of deportation and failing to

hold a hearing to reconsider his deportation date.[1]  Id. at 2-4. Petitioner also argues that TDCJ-CID's refusal to release him from state custody violates his fifth amendment due process rights because the immigration judge ordered him removed to Mexico.  Id. at 2.  Finally, he argues that TDCJ-CID has denied him credit on his sentence and release to mandatory supervision.  Id. at 2.

In his motion for summary judgment, respondent argues that petitioner is not entitled to relief because his claims are time-barred, unexhausted, procedurally defaulted, and without merit.  (D.E. 12, at 1).

## IV. APPLICABLE LAW

### A.  Claims Related to the Removal Order

Petitioner challenges the removal order on due process grounds.  His challenge is time barred and without any merit.

#### 1. Time Barred.

Petitioner's claims related to the removal order are time-barred because those claims were filed outside the AEDPA's one-year limitation period.  (D.E. 12, at 4-5).  The AEDPA provides that the limitation period runs from the latest of four alternative dates:

---

[1] To the extent that petitioner's claim can be construed as challenging the immigration proceedings, it is respectfully recommended that Douglas Dretke is not the proper respondent. The proper respondent is Julie Myers, Assistant Secretary of Homeland Security for U.S. Immigration and Customs Enforcement.  Because it is recommended that petitioner's claims be dismissed as time barred and meritless, service on Ms. Myers is not recommended.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

To the extent that petitioner's claim is based on the removal order issued by the immigration judge on August 3, 1999, see D.E. 1, at Ex. 1-A, that is the date upon which the factual predicate of his claim was discoverable. Petitioner had one year from that date, August 3, 1999, to file his federal habeas application. Kimbrell v. Cockrell, 311 F.3d 361, 363-64 (5th Cir. 2002) (holding one-year limitation period commenced from the date of prisoner's disciplinary hearing). The limitation period expired on August 3, 2000.

While the timely pendency of a state filed habeas corpus writ tolls the one-year limitation period, here petitioner did not file a habeas petition or a time

dispute challenging his continued confinement by TDCJ-CID. Petitioner did not file his federal habeas application until August 2005, over five years after the deadline.

Additionally, petitioner has not described a factual basis which would show that he is entitled to equitable tolling, which is permissible only in "rare and exceptional" circumstances. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. Excusable neglect does not support equitable tolling." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam) (citation omitted). Because equitable tolling is available only when the petitioner meets the high hurdle of showing that an extraordinary circumstance beyond his control made it impossible to file his petition on time, equitable tolling is inappropriate in most cases. See Henderson v. Johnson, 1 F.Supp. 2d 650, 653 (N.D. Tex. 1998); Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999). Ignorance of the law, even for an incarcerated pro se petitioner, generally does not present a rare and exceptional circumstance that would justify equitable tolling. Fisher v. Johnson, 174 F.3d 710, 713-14 (5th Cir. 1999). Petitioner has failed to allege any facts which would show that he is entitled to equitable tolling. According, it is respectfully recommended that his petition be dismissed as untimely.

**2.     Merits.**

Even if not time barred, petitioner's claims related to the removal order do not state a constitutional claim upon which relief can be granted. To warrant federal habeas corpus review, a state prisoner must satisfy two jurisdictional prerequisites: first, that he is in custody, and second, that his claims challenge the constitutionality of that custody.[2] 28 U.S.C. § 2241(c)(3), § 2254(a); see also Gray v. Lynn, 6 F.3d 265 (5th Cir. 1993) (state prisoner must assert a violation of a federal constitutional right to obtain review of state decision pursuant to 28 U.S.C. § 2254); Boyd v. Scott, 45 F.3d 876 (5th Cir. 1994) (a federal writ of habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States).  Appropriate habeas corpus claims are those that call into question the fact, length, or conditions of the petitioner's custody and seek an immediate or speedier release.  See Preiser v. Rodriguez, 411 U.S. 475 (1973); Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam).

Petitioner asserts that his due process rights are being violated by his continued confinement because: (1) the immigration judge ordered him deported on August 3, 1999; and (2) his deportation date was changed without a hearing.

---

[2] See 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (1998) (identifying the two jurisdictional prerequisites as "custody" and "substance, or federal question").

(D.E. 1, at 2-4). But the deportation order does not set forth a date by which petitioner must be deported; rather his deportation date is regulated by federal statute.

An alien who is ordered removed from the United States is to be removed by the Attorney General within a ninety-day period. 8 U.S.C. § 1231(a)(1)(A). The ninety-day removal period for aliens who are confined, except under the immigration process, does not begin until the date that the alien is released from confinement. 8 U.S.C. § 1231(a)(1)(B); see also Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733, 737 (5th Cir. 2005) (per curiam) ("removal period does not start until his state term of incarceration ends"). The governing statute specifically addresses aliens who are imprisoned stating that the "Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment. Parole, supervised release, probation, or possibility of arrest for further imprisonment is not a reason to defer removal." 8 U.S.C. § 1231(a)(4)(A).

There is an exception to this general rule prohibiting the removal of an alien until he has been released from custody. An alien in State custody convicted of a non-violent crime can be removed prior to serving his full sentence if the chief State official determines "removal is appropriate and in the best interest of the State," and submits a written request to the Attorney General that said alien be

removed. 8 U.S.C. § 1231(a)(4)(B)(ii). This exception is not applicable to petitioner.

Removal proceedings were commenced after petitioner was convicted of aggravated sexual assault. On August 3, 1999, an immigration judge ordered him removed from the United States to Mexico. (D.E. 1, at Ex. 1-A). He is currently serving a twenty year sentence with TDCJ-CID. (D.E. 12, at Ex. A, at 1). When petitioner is released from TDCJ-CID, the ninety-day removal period will commence, and the DOJ will schedule and arrange his removal from the United States.

Petitioner has articulated no facts and cited no law in support of his vague and general claim that his due process rights under the Constitution have been violated. According to the face of the order of removal, petitioner waived his right to appeal the removal order. His physical removal from the United States will occur upon his release from TDCJ-CID custody in accordance with federal law. Petitioner has cited no authority which would permit his removal prior to the service of his sentence. In fact, the law is to the contrary. Petitioner has not articulated what process he is due under the Constitution. His vague and conclusory allegations will not support a request for relief under § 2254. Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983) (per curiam). Accordingly, it is respectfully recommended that all due process claims related to the removal

hearing be dismissed with prejudice for failure to state a claim of violation of a federal constitutional right.

**B.     Claims Related to Time Calculation and Mandatory Supervision.**

Petitioner also alleges that TDCJ-CID has failed to properly calculate his release date, and that he is overdue release to mandatory supervision. These claims are not exhausted, and are also meritless.

### 1.     Exhaustion of Administrative Remedies.

Petitioner's writ of habeas corpus is subject to review pursuant to the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to habeas petitions filed after its effective date of April 24, 1996). Pursuant to AEDPA, a federal writ of habeas corpus from an individual in state custody shall not be granted unless the individual has exhausted his remedies in the state courts, or there is an absence of state court remedies, or circumstances render the state's remedies insufficient to protect the individual's rights. 28 U.S.C. § 2254(b)(1). The exhaustion requirement of § 2254 ensures that state courts have an opportunity to consider federal law challenges to state custody before the federal courts can entertain such assertions. Coleman v. Thompson, 501 U.S. 722, 731 (1991).

"To exhaust available state remedies, a habeas petitioner must fairly apprise the highest court of his state of the federal rights which were allegedly violated."

Shute v. State of Texas, 117 F.3d 233, 237 (5th Cir. 1997) (internal quotations omitted). Petitioner does not clearly state in his petition whether he is challenging the calculation of his good time credits, or whether he is claiming he has served sufficient flat time that release to mandatory supervision is required. To the extent petitioner is claiming that he is entitled to release on mandatory supervision and respondent Dretke has refused to release him, those claims should be raised in the Court of Criminal Appeals in an application pursuant to TEX. CODE CRIM. PROC., Article 11.07. TEX. GOV'T. CODE § 501.0081(b); cf. Ex parte Mabry, 127 S.W.3d 58 (Tex. Crim. App. 2004) (addressing merits of a challenge to refusal to release on mandatory supervision). To the extent that petitioner is challenging the calculation of his good time credits, the Texas state courts do not review claims of lost good time, and he must pursue his claims through the administrative appeals process rather than state court. Ex Parte Palomo, 759 S.W.2d 671, 674 (Tex. Crim.App. 1988); Ex parte Brager, 704 S.W.2d 46 (Tex. Crim. App. 1985).

Respondent argues that petitioner has not exhausted his claims, and therefore, his claims should be dismissed as unexhausted. (D.E. 12, at 7-8). He claims that petitioner did not file a time dispute, or state application for writ of habeas corpus. Id. at 8. He concedes that federal habeas review is available when there is a lack of appropriate state remedies, but argues that petitioner "has failed to

argue, much less establish, extraordinary circumstances, futility of the state process, or actual prejudice." Id.

Petitioner did not present any of his claims to the state court or any other state authority. He argues that he has no other remedy available to address his claims. Id. at 4. However, he does not provide any evidence that there was a lack of state corrective processes to remedy his complaints.[3] He cannot know that there is no corrective process available through TDCJ-CID, the authority holding him in custody, because he failed to present his dispute to TDCJ-CID. He cannot know that there is no corrective process available in the state courts because he failed to present his claim to the state courts. His claims are not exhausted. It is respectfully recommended that petitioner's time calculation and mandatory supervision claims be dismissed as unexhausted.

### 2. Merits.

Finally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Based on the following analysis, it is respectfully recommended that all of petitioner's claims be denied as meritless.

---

[3] Petitioner has filed four state habeas writs challenging his conviction, but failed to challenge his present claims by filing a state habeas writ.

Petitioner details his claims regarding time calculation as follows:

> McConnell Unit's Warden (P. Morales), has failed to approve the administrative appeal, which means that the Warden's office will not credit Petitioner for the final fractional year of a sentence, must be pro-rated (i.e., based upon actual time served). The Warden's office refusal to re-calculate petitioner's credits based upon each year of his sentence. See **White v Scribana, 314 F.Supp.2d 834 (W.D. Wis. 2004)**. Or, if the Immigration Judge's (J.L. Benton) order to deport Petitioner to Mexico by August 3, 1999 deadline, is discarded and any state statute to allow a parole panel decision, "to deny Mandatory Supervision Release," is unconstitutional.

(D.E. 1, at 2-3) (emphasis original). It is unclear the exact nature of petitioner's claim. He is apparently alleging that his sentence is not being properly calculated. He does not, however, provide the Court with a clear explanation, or detailed facts to support this allegation.

The case cited by petitioner, White v. Scibana, involves a federal prisoner's request that he be given fifty-four days of good time credits for each year of his sentence, rather than for each year he had actually served, which said request was granted by a federal district court. 314 F.Supp.2d 834 (W.D. Wis. 2004), rev'd, 390 F.3d 997 (7th Cir. 2004). The Fifth Circuit addressed the same issue in Sample v. Morrison, 406 F.3d 310 (5th Cir. 2005), and noted that good time credits are earned on an annual basis, rather than in advance. Id. at 312.

Petitioner's claim could be liberally construed as to allege that he is entitled to a minimum statutory amount of good time credits for each year of his sentence,

12

rather than good time credits for each year actually served. However, he provides no support for his allegations, and fails to discuss relevant controlling case law that indicates he would not be entitled to good time credits for years of his sentence not yet served. Again petitioner's conclusory allegations do not raise a constitutional issue in this habeas proceeding. <u>Ross v. Estelle</u>, 694 F.2d at 1012.

Petitioner also appears to argue that his constitutional rights were violated by the TDCJ-CID because he has been denied release to mandatory supervision. (D.E. 1, at 2). Petitioner's conviction for aggravated sexual assault renders him statutorily ineligible for release to mandatory supervision. TEX.GOV'T. CODE § 508.149(a)(8) (formerly codified at V.A.C.C.P. Art. 42.18). Petitioner has not provided the Court with any authority or argument to support his claim that he is eligible for such release.

Petitioner's claims challenging the calculation of his sentence, and the determination that he is not eligible for mandatory supervised release are wholly conclusory, and meritless. Furthermore, his claim that he is entitled to good time credits in advance for years not yet served contradicts controlling circuit case law, and therefore is meritless.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of

appealability." 28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues

presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).

## V.  RECOMMENDATION

Based on the foregoing, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 12), be granted, and petitioner's § 2254 be dismissed with prejudice.  It is further recommended that should petitioner seek a certificate of appealability, it be denied.

Respectfully submitted this 21st day of April 2006.

_____
B. JANICE ELLINGTON
U.S. MAGISTRATE JUDGE

## **NOTICE TO THE PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).